# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 05-1460

HOWARD T. MCCLURE

VERSUS

CITY OF PINEVILLE, ET AL.

**********

APPEAL FROM THE
OFFICE OF WORKERS' COMPENSATION, DISTRICT 2
PARISH OF RAPIDES, NO. 03-6950
JAMES BRADDOCK, WORKERS' COMPENSATION JUDGE

**********

### MICHAEL G. SULLIVAN
### JUDGE

**********

Court composed of John D. Saunders, Michael G. Sullivan, and James T. Genovese, Judges.

### MOTION TO CONSOLIDATE DENIED.

Gregory E. Bodin
Chase Tower South, 8th Floor
Post Office Box 2471
Baton Rouge, LA 70821
(225) 387-3221
Counsel for Defendant/Appellee:
    Louisiana Workers' Compensation Corporation

Randall B. Keiser
Post Office Box 12358
Alexandria, LA 71315
(318) 443-6168
Counsel for Defendant/Appellant:
    Risk Management, Inc.

**SULLIVAN, Judge.**

Defendant-appellant, Louisiana Workers' Compensation Corporation (LWCC), moves to consolidate two appeals that are before this court. For the reasons given below, we deny appellant's motion to consolidate.

This case arises out of the workers' compensation claim for a retired fireman. When Howard McClure retired from the Pineville Fire Department, LWCC insured the City of Pineville (the City) for workers' compensation coverage. After McClure retired and prior to his death, the City secured insurance coverage from the Louisiana Municipal Risk Management Agency (LMRMA). Risk Management, Inc. (RMI) is the administrator of claims for LMRMA.

Following Mr. McClure's death, his widow, Mary McClure, filed a claim for death benefits with Office of Workers' Compensation. In her claim, Mrs. McClure named the City, RMI, and LWCC as defendants. During the course of litigation, RMI filed a motion for summary judgment seeking to have plaintiffs' claims against it dismissed. In support of RMI's motion, it submitted an affidavit attesting to the fact that no coverage between RMI and the City existed at the time of Mr. McClure's retirement. Following a hearing, the trial court granted the motion dismissing plaintiffs' claims against RMI.

Following the ruling, the City filed a motion for new trial and a third party demand against RMI. The trial court denied the City's motion for new trial and granted RMI's exception of no cause of action regarding the City's third party demand. The City filed an appeal seeking review of the rulings on the motion for summary judgment, the motion for new trial, and the exception of no cause of action. The appeal was assigned docket number 05-1460.

1

Meanwhile, the proceedings in the trial court moved forward without RMI. After a trial on the merits, the trial court found in favor of plaintiffs and against the City and LWCC. Both defendants appealed the judgment on the merits, and that appeal has been assigned docket number 06-279. LWCC has filed this motion to consolidate the two appeals, and the City has joined in the motion to consolidate. RMI, on behalf of LMRMA, filed an opposition to the motion to consolidate. In its opposition, RMI presented several reasons why this court should deny the motion to consolidate the appeals.

Notwithstanding the arguments presented by RMI, this court expresses its own reason for denying LWCC's motion to consolidate. Namely, the issues presented in each appeal are unrelated. Thus, hearing the appeals together would not be judicially efficient, as LWCC suggests. The judgments challenged in 05-1460 are concerned with the City's third party demand against RMI and the dismissal of all claims against RMI on summary judgment. On the other hand, the ruling challenged in 06-279 cast the City and LWCC in judgment for death benefits and attorney fees. In short, combining the two appeals will only confuse the issues in one or both of the appeals. Accordingly, we deny appellant's motion to consolidate.

**MOTION TO CONSOLIDATE DENIED.**